## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| BILLY JEROME WILLIAMS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Nurse JENNIFER JETT, | : | NO. 7:12-CV-123 (HL) |
| | : | |
| Defendant | : | **O R D E R** |
| | : | |

Plaintiff **BILLY JEROME WILLIAMS**, an inmate at Valdosta State Prison ("VSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff has not paid the $350.00 filing fee.  For the sake of judicial economy, the Court will assume that Plaintiff wishes to proceed *in forma pauperis*, grant him IFP status, and waive an initial filing fee.  Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).  The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full.  The Clerk is directed to send a copy of this order to the business manager of VSP.

### I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims,

then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff brings this action alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Plaintiff suffers from unspecified heart problems.  According to Plaintiff, on August 19, 2012, he told Defendant Nurse Jennifer Jett that he was experiencing dizziness and that his heart was hurting.  Plaintiff complains that Jett, who was about to complete her shift, checked his vitals, but refused any further evaluation and was very rude to Plaintiff.  Later that night, Plaintiff suffered "severe chest pains" and thought he was going to have a heart attack or stroke.  Plaintiff states that he may not be so lucky next time.  As relief, Plaintiff asks that Jett be removed from her position and pay Plaintiff damages.

## III.  DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate:  "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.* 588 F.3d 1291, 1306-07 (11th Cir. 2009).  "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2)

3

disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

For deficient medical treatment to rise to the level of an Eighth Amendment violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991) (citation omitted). The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. *Id; see also Howell v. Evans*, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 (1994).

Even assuming that Plaintiff's unspecified heart condition constitutes a serious medical need and otherwise construing Plaintiff's complaint liberally in his favor, the Court finds that Plaintiff has failed to state a colorable Eighth Amendment claim. Despite Nurse Jett's alleged rudeness, she actually provided medical care to Plaintiff. Plaintiff does not allege that he suffered any serious health effects as a result of Jett's care. The treatment that Plaintiff received certainly does not "shock the conscience" or appear inconsistent with fundamental fairness. *See, e.g., Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (holding that a complainant must allege an injury to himself that is "distinct and palpable," as opposed to "abstract," and the alleged harm must be actual or imminent, not "conjectural" or "hypothetical."); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir.1995) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); *Harris*, 941 F.2d at 1505 (explaining that a difference in medical opinion between the prison's medical staff and the inmate about the inmate's course of

4

treatment will not support an Eighth Amendment claim).

## IV.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. §

1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 28th day of SEPTEMBER, 2012.

_s/ Hugh Lawson_
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr